J. S33039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
           v.                   :
                                        :
ROBERT DENNIS JOHNSON,         :        No. 23 MDA 2019
                                        :
           Appellant       :


Appeal from the PCRA Order Entered December 6, 2018,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002021-1992


BEFORE: LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 10, 2019**

Robert Dennis Johnson[1] appeals from the December 6, 2018 order

dismissing as untimely his serial petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we

affirm.

The relevant facts and procedural history of this case, as gleaned from

the certified record, are as follows: On January 13, 1993, a jury found

appellant guilty of rape, involuntary deviate sexual intercourse ("IDSI"), and

theft by unlawful taking or disposition[2] in connection with his June 1991 sexual

assault of the victim in Lancaster County. On August 20, 1993, the trial court

---

[1] Appellant is also identified in the record as "Dennis Campbell."

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), and 3921(a), respectively.

sentenced appellant to an aggregate term of 20 to 40 years' imprisonment. Appellant was also ordered to register as a sex offender for a period of 10 years, pursuant to the requirements of Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9.[3] On May 2, 1994, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on October 12, 1994. *See Commonwealth v. Johnson*, 647 A.2d 264 (Pa.Super. 1994) (unpublished memorandum), *appeal denied*, 649 A.2d 669 (Pa. 1994).

Appellant filed his first *pro se* PCRA petition on December 19, 1996. Counsel was appointed to represent appellant and filed an amended petition on his behalf on May 21, 1997. On June 23, 1998, the PCRA court dismissed appellant's petition, and a panel of this court affirmed the PCRA court's order on June 10, 1999. *See Commonwealth v. Johnson*, 742 A.2d 205 (Pa.Super. 1999) (unpublished memorandum), *appeal denied*, 747 A.2d 898 (Pa. 1999), *certiorari denied*, 529 U.S. 1092 (2000). On October 16, 1999, the Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal, and the Supreme Court of the United States denied appellant's

---

[3] On December 20, 2012, the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, was enacted to repeal Megan's Law II and III. SORNA was applied to appellant retroactively pursuant to Section 9799.13, and by operation of Section 9799.14(d)(8), the term of appellant's sex-offender registration was increased from 10 years to life.

petition for writ of ***certiorari*** on April 24, 2000. ***Id.*** Appellant filed two more unsuccessful PCRA petitions in June 2000 and May 2005.

On August 6, 2015, appellant filed the instant ***pro se*** PCRA petition, his fourth. Adam Szilagyi, Esq. (hereafter, "PCRA counsel"), was appointed to represent appellant and filed an amended petition on his behalf on January 20, 2016. An evidentiary hearing was initially scheduled for August 22, 2016, but was continued or rescheduled multiple times, sometimes at appellant's behest, between August 2016 and January 2018. On January 16, 2018, appellant filed a "Supplemental Amended Petition for Post-Conviction Collateral Relief," but later withdrew all the claims he raised in this petition. Thereafter, on August 24, 2018, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). That same day, the PCRA court filed a comprehensive opinion in support of its Rule 907 notice. (***See*** PCRA court opinion, 8/24/18.) Appellant filed a response to the PCRA court's Rule 907 notice on October 3, 2018. Thereafter, on December 6, 2018, the PCRA court dismissed appellant's petition without a hearing, relying on the reasoning set forth in its August 24, 2018 opinion. This timely appeal followed.[4]

Appellant raises the following issues for our review:

> I.    Did the PCRA court err, as a matter of law, when
>        it deemed [a]ppellant's PCRA claims related to

---

[4] The record reflects that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

the microscopic hair analysis expert testimony at his jury trial to be untimely, when facts in the pleadings warranted the court's assessment of whether any perceived delay in filing the *pro se* PCRA petition was not a byproduct of [a]ppellant's own actions? Alternatively, should [a]ppellant's PCRA claims be deemed timely based upon when he received actual notice of the FBI press release's application to his case?

II. Did the PCRA court err, as a matter of law, when it found [a]ppellant's underlying PCRA claims related to the expert testimony at his jury trial did not set forth sufficient facts in the pleadings to warrant PCRA relief, or at a bare minimum, an evidentiary hearing on the claims?

Appellant's brief at viii.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation

omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The 1995 amendments to the PCRA provide that if the judgment of sentence became final before the January 16, 1996 effective date of the amendments, a PCRA petition will be considered timely if filed within one year of this effective date. As this court explained in **Commonwealth v. Voss**, 838 A.2d 795 (Pa.Super. 2003):

> A petition where the judgment of sentence became final before the effective date of the 1995 amendments to the PCRA shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the 1995 amendments to the PCRA. Because the effective date of the amendments is January 16, 1996, the operative deadline for first-time PCRA petitions is January 16, 1997.

**Id.** at 799 (citations, internal quotation marks, and brackets omitted).

Here, it is undisputed that appellant's August 6, 2015 **pro se** PCRA petition, as well as PCRA counsel's subsequent January 20, 2016 amended

petition, are facially untimely.[5]  Accordingly, in order to overcome the time-bar, appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could

---

[5] We note that appellant's judgment of sentence became final on January 10, 1995, 90 days after the Supreme Court of Pennsylvania denied allowance of appeal and the deadline for filing a petition for writ of **certiorari** in the Supreme Court of the United States expired.  **See** 42 Pa.C.S.A. § 9545(b)(3). Because appellant's judgment of sentence became final prior to the 1996 effective date of the amendments to the PCRA, he had until January 16, 1997 to file a timely first petition.  **See Voss**, 838 A.2d at 799.

have been presented." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa.Super. 2000); *see also* 42 Pa.C.S.A. § 9545(b)(2).[6]

Instantly, appellant invokes the "newly discovered fact" exception set forth in Section 9545(b)(1)(ii) and argues that he is entitled to an evidentiary hearing based on an April 20, 2015 Federal Bureau of Investigation ("FBI") press release entitled "FBI Testimony on Microscopic Hair Analysis Contained Errors in at Least 90 Percent of Cases in Ongoing Review." (Amended PCRA petition, 1/20/16 at ¶¶ 13, 25; *see also* appellant's brief at 15-31.) This press release detailed the FBI's determination that the microscopic hair analysis evidence and testimony like that utilized in appellant's trial had "exceeded the limits of science." (*Id.* at ¶15.) Appellant contends he was not aware of this FBI press release prior to his receipt of a June 16, 2015 letter from Lancaster County Chief Public Defender James J. Karl; and thus, his August 6, 2015 *pro se* PCRA petition was timely filed within the 60-day timeframe. (*Id.* at ¶¶ 14, 16; *see also* appellant's brief at 15.) In support of this contention, appellant avers that,

> the unknown fact triggering the sixty-day deadline for filing his *pro se* PCRA petition was the [June 16, 2015] letter sent by Chief Public Defender Karl

---

[6] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Here, as discussed, appellant's claim arose on April 20, 2015, the date the FBI press release first became public, and therefore, the amendment is inapplicable.

> informing [a]ppellant that the microscopic hair analysis evidence in his case exceeded the limits of science.

Appellant's brief at 16. We disagree.

Here, the PCRA court found that appellant failed to demonstrate that he brought his "newly discovered fact" exception within 60 days of the date the claim **could have been** presented, as required by Section 9545(b)(2) and **Gamboa-Taylor**. In reaching this conclusion, the PCRA court reasoned as follows:

> The facts of the instant case are like those considered by the Pennsylvania Supreme Court in **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017). In **Chmiel**, a facially untimely PCRA petition asserted that the defendant's conviction and death sentence rested upon unreliable microscopic hair comparison evidence. The defendant relied on the April 20, 2015, FBI press release entitled "FBI Testimony on Microscopic Hair Analysis Contained Errors in at Least 90 Percent of Cases in Ongoing Review," and argued that it constituted a newly discovered fact that satisfied the 42 Pa.C.S.A. § 9545(b)(1)(ii) timeliness exception. The PCRA court dismissed the defendant's PCRA petition as untimely, concluding that the Pennsylvania Supreme Court's decision in **Commonwealth v. Edmiston**, [65 A.3d 339 (Pa. 2013), [**certiorari denied**, 571 U.S. 1026 (2013),] controlled the timeliness inquiry.
>
> On review, the **Chmiel** court observed that, "to constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." **Chmiel**, 173 A.3d at 625 (quoting **Edmiston**, 65 A.3d at 352). Ultimately, the court concluded that "the new discovered facts were

the FBI's admissions, as the proponent of microscopic hair analysis, that its examiners gave flawed and scientifically unsupported testimony, and spread its flawed methodology to state and local analysts." *Id.* at 626. The court continued to state[], "[i]t is this concession, not the suspected unreliability of the forensic evidence as developed through scientific advancements, that triggers the sixty-day window within which [the defendant] was required to file his claim. This concession did not exist in the public domain prior to April 20, 2015." *Id.*

Here, [appellant] relied upon the same FBI press release as the *Chmiel* defendant, and thus, the court concludes that the newly discovered fact relied upon by [appellant] is the FBI's concession in its April 20, 2015, press release. However, the instant case and *Chmiel* do not fully align, as [appellant's] PCRA Petition was filed within sixty-days of the date on which the FBI press release became known to him, but not within sixty-days of the date on which the facts became public information. The PCRA petition at issue in *Chmiel* was filed within sixty-days of the FBI's concession, and thus, the public record issue warranted little discussion. While stating that the sixty-day window in which the defendant was required to file his claim was triggered by the FBI's April 20, 2015, concession, the decision also noted the court's recent holding in [*Commonwealth v.*] *Burton*, [158 A.3d 618 (Pa. 2017),] a case where the court further considered . . . the public record presumption. Thus, the interplay between *Chmiel* and *Burton*, and [appellant's] circumstances, is important in the instant matter.

Historically, courts in the Commonwealth of Pennsylvania have held that, for purposes of [Section] 9545(b)(1)(ii), public information is not considered "unknown" to a PCRA petitioner. *See Commonwealth v. Chester*, 895 A.2d 520 (Pa. 2006). However, in *Burton*, the Pennsylvania Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection

9545(b)(1)(ii) does not apply to pro se prisoner petitioners," as such an application of the public record presumption "is contrary to the plain language of subsection 9545(b)(1)(ii) and was imposed without any apparent consideration of a pro se prisoner's actual access to information of public record." *Burton*, 158 A.3d at 638.

The court concludes that the date that the instant claim could have been first brought by [appellant] was April 20, 2015, when the FBI press release first became public, and not when [appellant] received the letter from the Public Defender's office dated June 16, 2015. The *Burton* holding clearly extends only to *pro se* petitioners who are incarcerated. While [appellant] is still serving the parole portion of his sentence, he was not incarcerated at that time the FBI press release relied upon was released. . . .

Because [appellant] was required to file the instant claim by June 19, 2015, [appellant's] August 6, 2015, *pro se* PCRA Petition is unable to satisfy the [Section] 9545(b)(2) requirement that any petition invoking an exception provided in [Section] 9545(b)(1) be filed within sixty days of the date that the claim could have been presented. Therefore, [appellant] has failed to establish the "newly-discovered" facts exception to the PCRA's timing requirement.

PCRA court opinion, 8/24/18 at 6-8.

Following our careful review, we find that the PCRA court's rationale is supported by the evidence of record and legally sound, and therefore, adopt the court's well-reasoned conclusions as our own.

Appellant would have this court deem his August 6, 2015 *pro se* PCRA petition "as timely filed, in the interests of justice," based on his belief that "any delay in filing the *pro se* petition would be attributable to Chief Public

Defender Karl." (Appellant's brief at 16.) Specifically, appellant avers that his "untimely filing was the byproduct of Chief Public Defender Karl's thwarting of [a]ppellant's ability to exercise due diligence and/or Karl's functional abandonment of [a]ppellant." (**Id.**) Citing, **inter alia**, **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007),[7] appellant contends that

> [he] only received notice of the application of inappropriate FBI microscopic hair analysis evidence applying to his case, by letter dated June 16, 2015. Any potential untimely filing of the **pro se** petition was a byproduct of [a]ppellant receiving inadequate and delayed notice from the Chief Public Defender of Lancaster County or the Chief Defender failing to file the petition in a timely manner. The Chief's actions thwarted [a]ppellant's ability to exercise due diligence and amounted to the functional equivalent of counsel's abandonment.

Appellant's brief at 11. The record belies this claim.

The record reflects that in his letter to appellant, Chief Public Defender Karl twice informed appellant, who was **not** incarcerated at the time, that he had 60 days from the date the FBI press release first became public, or June 19, 2015, to raise an exception to the PCRA time-bar. (**See** letter, 6/16/15 at ¶¶ 6, 12, attached to Amended PCRA petition, 1/20/16 at Exhibit C.)

---

[7] In **Bennett**, our supreme court recognized that in limited situations where counsel's ineffective assistance was tantamount to abandoning his client on appeal, the petitioner's discovery of counsel's alleged ineffectiveness might form the basis of a Section 9545(b)(1)(ii) exception to the PCRA time-bar. Specifically, the **Bennett** court held that counsel constructively abandons a defendant when he fails to file a requested appeal, and that such abandonment is **per se** prejudicial for purposes of evaluating the constitutional effectiveness of counsel. **See Bennett**, 930 A.2d at 1273.

Chief Public Defender Karl further informed appellant that he would not be representing him with respect to the PCRA because appellant had alleged the ineffectiveness of the Lancaster County Public Defender's Office in his prior PCRA proceedings, but did take the liberty to enclose a **pro se** PCRA petition that he prepared on appellant's behalf. (**Id.** at ¶¶ 7-11.) Based on the forgoing, we find that appellant's contention that his untimely filed **pro se** PCRA petition may be excused by Chief Public Defender Karl's actions is meritless.

Lastly, to the extent appellant contends "than an evidentiary hearing is necessary in this matter in order to develop the record concerning the circumstances surrounding the issues raised in t[he] Amended PCRA Petition[,]" we find that appellant is not entitled to relief. (Amended PCRA petition, 1/20/16 at ¶ 35; **see also** appellant's brief at 32-36.)

This court has long recognized that there is no absolute right to an evidentiary hearing. **See Commonwealth v. Hart**, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there

were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). Prior to doing so, however, the PCRA court must clearly possess jurisdiction to consider the merits of the claim raised. ***See Gamboa-Taylor***, 753 A.2d at 783 (stating, "when a PCRA petition is . . . entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims.").

As discussed, appellant failed to file his PCRA petition invoking the "newly discovered fact" exception within 60 days of the date the claims **could have been** presented. ***See id***; 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing.

For all the foregoing reasons, we affirm the December 6, 2018 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019

- 13 -